UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRIN ROBERSON, <br><br> Plaintiff, <br><br> v. <br><br> TROY HERSHBERGER and ALLEN COUNTY BOARD OF COMMISSIONERS, <br><br> Defendants. | CAUSE NO. 1:24-CV-547-JD-AZ |

OPINION AND ORDER

Darrin Roberson, a prisoner without a lawyer, filed a complaint alleging the defendants subjected him to unconstitutional conditions of confinement while he was housed at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Roberson alleges he was subjected to deplorable and unsanitary living conditions while he was housed at the Allen County Jail from November 2024 through December 9, 2024. ECF 1 at 1-2. He asserts the conditions were caused by the overcrowding of inmates at the jail. *Id*. at 2. Roberson complains that he did not have

enough recreation time and was given low quality food that was not medically appropriate for him. *Id*. He endured back pain because there was a shortage of beds and also developed painful rashes because there were no sanitation supplies. *Id*. These conditions caused him to suffer from painful acid reflux, stress, and depression. *Id*. Roberson filed grievances about these issues, but they were not resolved. *Id*. He also asserts his transfer to the Reception Diagnostic Center was delayed because of staff shortages. *Id*.

Roberson asserts he was both a pretrial detainee and convicted prisoner while he was housed at the Allen County Jail. *Id*. at 4. Thus, it is not clear whether the court should apply the Fourteenth Amendment's or the Eighth Amendment's standards to evaluate a potential claim for the alleged unconstitutional conditions of confinement. However, the complaint does not state a claim because Roberson does not identify a proper defendant.

Roberson first sues Sheriff Troy Herschberger presumably because he has supervisory authority over the jail. Liability under 42 U.S.C. § 1983 is based on personal responsibility and Sheriff Hershberger cannot be held liable merely because of his supervisory position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). However, supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because there are no allegations in the complaint from which the court can plausibly infer that Sheriff

Herschberger personally knew about the alleged conditions and condoned, facilitated, or approved them, Hickman cannot proceed against him.

Roberson has also sued the Allen County Board of Commissioners. However, he has not alleged that any of the Allen County Commissioners were personally involved in the events in this case and they cannot be held liable solely because they oversee matters within the county or supervise other county personnel. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Therefore, he may not proceed against the Allen County Board of Commissioners.

This complaint does not state a claim for which relief can be granted. If Roberson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Darrin Roberson until **October 24, 2025**, to file an amended complaint; and

3

(2) CAUTIONS Darrin Roberson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 25, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4