UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DARRIN ROBERSON,

    Plaintiff,

        v.

ALLEN COUNTY SHERIFF
DEPARTMENT and ALLEN COUNTY
JAIL KITCHEN,

    Defendants.

CAUSE NO. 1:24-CV-547-JD-AZ

OPINION AND ORDER

Darrin Roberson, a prisoner without a lawyer, filed an amended complaint against the Allen County Sheriff's Department and Allen County Jail Kitchen Staff asserting he was subjected to unconstitutional conditions of confinement while he was housed at the Allen County Jail. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Roberson alleges essentially the same facts as he did in his original complaint. He asserts that from September 2024 to January 2025, while he was housed at the Allen County Jail, he was subjected to deplorable and unsanitary

living conditions due to overcrowding issues. ECF 18 at 2. Roberson contends he did not have enough recreation time and was given low quality food that was not medically appropriate for him. *Id*. He asserts he suffered from back pain because there was a shortage of beds and he developed painful rashes because there was a shortage of sanitation supplies. *Id*. Roberson avers the conditions caused him to suffer from painful acid reflux, stress, and depression. *Id*. He filed grievances, but the issues were not resolved. *Id*. Roberson further asserts that his transfer to the Reception Diagnostic Center was delayed because of staff shortages. *Id*. Given these events, Roberson believes his constitutional rights were violated.

Because Roberson alleges he was a pretrial detainee when the events occurred in this case, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with

2

respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353-54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Robertson initially sued Sheriff Troy Herschberger and the Allen County Board of Commissioners. ECF 1. This court's earlier screening order explained that Robertson could not proceed because he had not identified a proper defendant. ECF 11. In his amended complaint, Roberson has named the Allen County Sheriff's Department and the Allen County Jail Kitchen Staff as Defendants. These are likewise not proper defendants.

The Allen County Sheriff's Department is a municipal entity and may be sued on the basis of policy, practice or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The amended complaint does not state a *Monell* claim because it does not plausibly allege a policy, practice, or custom or that the Allen County

3

Sheriff's Department caused his constitutional rights to be violated. He may not proceed here.

Roberson has also sued Allen County Jail Kitchen Staff but he does not list individual names of the kitchen staff and what specific actions they took to violate his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Therefore, he may not proceed against the Allen County Jail Kitchen Staff.

The amended complaint does not state a claim for which relief can be granted. If Roberson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Darrin Roberson until **September 7, 2026**, to file a second amended complaint; and

(2) CAUTIONS Darrin Roberson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 7, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5